We're having here argument in our last case, United States v. Smith, whenever the lawyers are ready. And please support. Ann Hester representing Tyrius Smith. No one disputes that courts must turn to a state's definition of conviction to decide whether a person has a felony conviction under section 922 G1. But North Carolina's definition of conviction varies depending on the context. And that situation requires the court to look to congressional intent and to the analytical framework established in United States v. Chubbuck and United States v. Clark. That analysis tells us that Tyrius Smith's conditional discharge under North Carolina law is not a conviction under section 922 G. When Congress amended the definition of conviction in the Firearm Owners Protection Act, it intended to abrogate Dickerson's application of a uniform federal definition of conviction and to defer to a state's determination of what would result in a conviction for purposes of the federal firearms ban. Do we look at North Carolina law here to determine whether this was a conviction? Correct. Do we look at the state law here? And North Carolina got, we both all know this, got these little different ways in which you can enter. Pleas, additional plea, deferred prosecution, prayer for judgment, one of my favorites. And it seems to be, I mean, there's some, you make the argument that a couple of statutes seem to indicate, you know, this is not a conviction. But the Supreme Court of North Carolina had said pretty clearly that the entering of the plea would be sufficient to say that that is a conviction. I do think that's the general rule under North Carolina law, but like Florida, North Carolina has multiple definitions of what constitutes a conviction. And Florida's a little different because the Supreme Court there has not done what North Carolina's done. Their rules are a little bit more wishy-washy on that issue there. North Carolina's pretty specific on it, both with the Court of Appeals and the Supreme Court. But so is the legislature. Specific with, in terms of the definition of, right, but specifically and most importantly, and the Eleventh Circuit's decisions in Chubbuck and Carte show us when a state uses multiple context-specific definitions of conviction, applying the definition of conviction that's applicable to the state's felon in possession statute serves that congressional intent of deferring to the state's determination of what will constitute a conviction for purposes of 922G. So here, North Carolina has a very specific definition of conviction in its felon in possession statute. Can I ask a question that sort of, in my mind at least, tries to help me frame? We think about diversity cases, right? We're trying to apply the law of the state. There are other contexts where we're trying to apply the law of the state. Here, I'm trying to understand what question I'm supposed to be asking. Is the question, what would I anticipate that the Supreme Court of North Carolina would decide if called upon to answer the question of whether this is a conviction for purposes of federal law? Is that hypothetical? Am I trying to answer that question, or am I trying to answer a different question? I'm just trying to understand how I'm supposed to think about that. I think that is the question, but the only way that you can answer that question is by looking to North Carolina's specific definition of conviction in their firearms ban. If that is the answer to the question, then it would seem that the North Carolina Supreme Court case law would trump any sort of indicia we get from these statutes. I don't think so. I think that because the legislature is just as much of a lawmaking body as the state Supreme Court. Then you sort of go back. I thought the question was who determines this, and I thought the answer was the North Carolina Supreme Court. Okay, so I misheard the question. Well, maybe I misheard it. I'm trying to figure out, this is a whole hypothetical made-up world, but whose eyes am I looking through? I'm positing that I'm the North Carolina Supreme Court because if we want to go all the way back, the judicial branch has the province of saying what the law is. So the North Carolina Supreme Court, I'm looking through their eyes, and I'm asking the question, if I was faced with saying whether this is a conviction for purposes of federal 922G law, that's obviously a question the North Carolina Supreme Court has never answered, right? Correct. But there are clues to that answer. Those clues include the statutes that we've talked about, and they include the decisions that JoLynn talked about. What we make of those is a different question. But I'm trying to understand, am I thinking about that the right way? Am I looking through the right eyes at the right framework? I think you are looking at it in the right way in terms of the Supreme Court gets the final say of what a North Carolina statute means. But what I also want to say to you, Judge Motz, is that the common law definition of what constitutes a conviction does not necessarily apply here because the legislature has also defined the conviction differently in different contexts. So I guess what you're saying is that this case is put to the North Carolina Supreme Court, which it's never going to be. Okay, they look at their past precedent, but they also look at what the legislature has said and they try to make a judgment. Correct. And the 11th Circuit has said when you have that situation, then the question we want answered is, how does the state define conviction for purposes of its own firearms ban? We didn't hear that in the 4th Circuit. We have a case that says that we don't look at conviction. Well, not exactly. So Walters is a little bit different. The court was faced with a different problem there because the Virginia firearms ban didn't have a definition of conviction in it. So that required the court to look at a broader spectrum of what constitutes a conviction for purposes of juvenile adjudications because they didn't have a specific conviction definition applicable to the firearms ban in Virginia. So what the government was arguing for there was, in fact, the state firearms ban did apply to juvenile adjudications. And the government was saying because the firearms ban applies to juvenile adjudications, it should apply here. And this court said, no, that's not the question. The question is, what's the definition of conviction? So this is a different situation here where North Carolina actually has established a definition of conviction that is applicable to its firearms ban. So I think that the Chubbuck analysis is the most direct way to decide the question. But I do think if the court looks at the three-step Walters analysis that you reach the same result because the first step under Walters is to look at the state statute governing conditional discharge to decide whether conditional discharge and conviction are equivalent concepts. And they're not here because the conditional discharge statute specifically provides for placing a person on probation without entering a judgment of guilt and gives the court the power to later dismiss the charges. Now that I don't want to talk about that framework, but I want to go back to Judge Wynn's question sort of out of the gate. I'm most concerned or I most want to hear your view on the North Carolina Court of Appeals decision in Friend. Okay. Where I'm less concerned about the Supreme Court's decision in the rule of evidence case. But Friend, there are a couple of possible ways of talking about that. But I want to get your view on why is it that we ought to think about Friend as not being a pretty powerful clue as to what the North Carolina Supreme Court, if faced with this question, would say. Because in Friend the court was interpreting, was answering the question of whether a guilty plea would preclude someone from getting a handgun permit, which is a different statute. And that handgun permit statute doesn't include a definition of conviction. When the court in that case talked about the North Carolina Felon in Possession statute, and in fact acknowledged that that statute requires a judgment. So basically what North Carolina court... So one answer is Friend is a different context because it's the permitting statute. And so the North Carolina Supreme Court would think that different if it was applying a 922G statute than the permitting statute. Correct. Anything else? I don't mean to cut you off. Well, the other issue, what I was trying to say is the court in Friend acknowledged this different definition that requires a judgment. And what North Carolina could do, and you referred to that evidence case too, is when the term conviction is used in a statute without a definition, it goes to that common law rule about guilty plea. But that's not what we have here in the context of the Felon in Possession definition of conviction because we have a special definition under North Carolina law that applies to that particular situation. What about the distinction between in Friend that was a deferral of judgment versus a conditional discharge? Do you think that there's a reasoned distinction? I understand there's a distinction, but is there a reasoned distinction that even faced with the same question that Friend had, and good permit, that the court would reach a different result because the conditional discharge statute lacks an element of finality that the deferral of judgment has? That is, the deferral of judgment, we're kicking the can down the road, but everybody knows the judgment is going to be entered at some point. Conditional discharge, everybody hopes there's never going to be a judgment. Right. Remind me, in Friend, I can't remember what the deferred disposition was. Was it a prayer for judgment continued? I don't think it was a prayer for judgment continued. I thought it was a deferral, but I could be... I do think that the conditional discharge is unique under North Carolina law in its ability to permit the court to order probation and accept a guilty plea while at the same time not imposing judgment. And I would like to go back to that definition because we haven't talked about the fact that the conditional discharge is not a conviction under that law. It is a prayer for judgment in Friend, by the way. It's a prayer for judgment. That's different if there's conditions attached, and I'm not sure that's clear in Friend whether there's conditions attached because if there are conditions attached, it's a final judgment. If it's just cost, then it's not a final judgment. So that is one potential way of distinguishing it, but I'm just not sure that Friend says whether it was with or without conditions. But I want to be clear that conditional discharge is not a conviction under North Carolina's felon in possession law because it isn't a final judgment. It's not a judgment at all. The government disputes that, but while the general statutory rule is that judgments enter when sentence is pronounced, that general definition doesn't apply here because the conditional discharge statute is more specific on that point. And under both the statute and under traditional rules of statutory construction, that more specific definition prevails over a general one. And second of all, the term final judgment used in that statute has longstanding legal significance. It's one that determines the entire controversy between the parties, and a conditional discharge is not a final judgment because it does leave issues to be decided in the trial court because at a later date the court will either enter an adjudication of guilt or dismiss the proceedings. Going back to the Walters three-step analysis, the first step under Walters is to evaluate the state statute governing conditional discharge, determining whether conditional discharge and conviction are equivalent concepts. And in the brief, I tried to explain, to compare that to the prayer for judgment continued and deferred prosecution procedures that were previously in place before that statute was enacted. And under either one of those conditions, if the court imposes conditions after a guilty plea, the defendant winds up with a final judgment, making those procedures a conviction under every North Carolina definition of conviction. But by contrast here, a person who pleads guilty under the conditional discharge procedure faces qualitatively different consequences than someone who pleads guilty outside that procedure and has conditions imposed. Because there's no judgment, the state court still has power to dismiss the charges against him. And he's also not convicted under felon in possession law and under another North Carolina statute. So that is a qualitatively different result. So step one of the Walters analysis indicates that a conditional discharge is not a conviction under North Carolina law for all purposes. The second step under Walters is, again, to look at the state's felon in possession statute to see whether it defines a conviction to include a conditional discharge. And as I've just explained, this statute doesn't. The third step is to consider other state statutes imposing collateral consequences to determine whether state law treats guilty pleas and convictions as synonymous. And the North Carolina statutes are very similar to the Virginia statutes that the court looked at in Walters. They tend to distinguish between guilty pleas and convictions even when they impose collateral consequences and even when they define a conviction to include a guilty plea. And finally, because the text of 921A20 doesn't resolve which state definition of conviction the court is to apply when the state has multiple context-specific definitions, the rule of lenity should apply here.  which is the definition from the felon in possession statute. Thank you very much. May it please the court. Anthony Enright for the United States. Mr. Smith's January 2016 guilty plea to larceny by an employee for which he received a conditional discharge probation sentence is a conviction under state law and therefore under 922G1. We agree. State law controls. And North Carolina courts have helpfully been asked that question many times. Does a guilty plea count as a conviction? Every time. The answer is yes. North Carolina Supreme Court said it as succinctly as could be. A valid guilty plea acts as a conviction. Why shouldn't we look at the felon in possession, the North Carolina felon in possession statute? Well, Your Honor, I think the Supreme Court's decision in Karen makes abundantly clear that the goal of 922G1 and the way it operates is not to provide a sentence enhancement for conduct already made criminal by the state. It's designed to attach to the judgment that people are subject to a firearms disability by virtue of a conviction and then apply the uniform federal ban on handguns. And that requires looking at the ordinary definition of conviction because it's the ordinary definition of conviction that is a guilty plea that imposes a weapons restriction. You can't carry a concealed weapon. But as we talked with your colleague about, we're trying to sort of imagine... We can't certify. I don't know that we would here anyway, but you don't have any certification procedures. So we have to sort of figure out what would be North Carolina law with various indicia, various ways. Certainly, Your Honor. I think the statute, the definition in terms of what constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. So I think the appropriate certified question would be what constitutes a conviction of a crime? And I think the answer would be, because the court has had that in various contexts, a conviction includes a guilty plea. Now, if the court came back and said, well, it depends on the context, then I think that's a question for this court to determine if you have to pick a context. Don't we know that it depends on the context? Because we've got 1331B. And it says, for purposes of sentencing, this is what a conviction means. Well, that's in a sentencing statute. And so by definition, that has to refer to something before sentencing because it's talking about when to sentence someone. So for that purpose, that's what it means. But then you look at 14415.1 or whatever it is, their equivalent felon statute, and it says something different. I mean, it refers to not just a guilty plea but the final judgment, which it seems totally reasonable. The word conviction can have different meanings in different contexts. And so I don't understand why I don't want to look at those two statutes standing alone and say, okay, North Carolina applies a different definition in two different contexts. And so we've got to figure out which one. So I don't think that's unfair, Your Honor. What I would do is I would draw a distinction between the way North Carolina handles its definition of conviction and the way Florida does it. Florida's own Supreme Court describes the definition of conviction as a chameleon-like creature that turns on the context. All right, fine. I don't know this chameleon. This is just red and black, right? There are two options, at least two options. Yes, Your Honor. 1331B and 14415, whatever those numbers are. Certainly, Your Honor. So there are at least two. Yes, Your Honor. And so we've got to decide. And what I'm trying to understand is help me understand why do I pick one or the other? Which one? The question should be which one triggers a weapons disability. And it's a guilty plea triggers a weapons disability. That's just a circular answer. I'm sorry. But why am I – help me understand. You're saying I should choose 1331B. And I think your first argument is because that's what the North Carolina courts tend to do. But is there any other reason why that definition, in your mind, is a more applicable one than the 14415? Yes, Your Honor. And I apologize if it continues to sound circular. But the Supreme Court made clear that the extent to which the federal ban on firearms applies is broader than a state's determination of who should be criminally punished for firearms possession. The Supreme Court made clear that the firearms, the federal weapons ban, is triggered by any weapons limitation. Absolutely. So if North Carolina says in 14415.1, they say our ban only applies if you receive a sentence of five years or longer. I don't know. Whatever. Make up a restriction. We wouldn't apply that restriction. But it's different where 921A20 tells us on this narrow question of what is a conviction, go to the state law and find it. Karen is saying we're not deferring to the state as a general matter. But A20 tells us not just to defer, but to go figure out what it means. Yes, Your Honor. And the reason I think that the broader definition, the one that the courts generally apply, is more appropriate is because that broader definition triggers a state weapons limitation that would be left off the table in certain circumstances and would not trigger the federal weapons ban if this court chose the narrower definition applicable to the state felony possession ban. Now, I don't think it makes a big difference in this case. So, in essence, the argument is that we should invert the rule of lenity. No, Your Honor. Because we have a broader – because we have a broad purpose of federal firearms ban, we should adopt the most broad state definition over a more narrow state definition. Quite the opposite, Your Honor, because the rule of lenity requires that the court look first at the text, structure, history, and purpose of the statute. And it did almost the same thing in Karen, because there was a narrower definition in Karen and a broader definition in Karen that they could have chosen. And the Supreme Court chose the broader definition because only that one was consistent with the federal firearms policy. But that's interpreting a federal statute, right? There's no ambiguity about 921A20, right? It tells you, look to the state. Yes, Your Honor. There's no ambiguity there. My point is we're now sitting in the eyes of the North Carolina Supreme Court, and we're looking at two different options. And so you're saying there's a broad federal purpose and, therefore, adopt the broad one, right? That's one answer. The other answer is the rule of lenity, like, protects people. Maybe we should look at the narrower one. Maybe there are other reasons we ought to look at them, but it doesn't seem like to me the idea that there's a general broad purpose ought to push us in favor of the broad definition. It isn't. I do think the choice, if the answer from the North Carolina court about what constitutes a conviction is, it depends on the context. I believe the question of which context to choose is purely a question of the federal law. That's not the question for this. Because you're talking about which one would you choose for purposes of the federal 922G Act. Wait, so why is that? Say that again. So A20 doesn't seem ambiguous about that to me. A20 says look to the state law. Correct, Your Honor. The determination is based on the state law. And if state law gives us two answers, two possible answers. Two possible answers, but it doesn't. I mean, that's law all the time. Law gives us two answers. Our job is to pick the best one. Yes, Your Honor. It's rarely the perfect one, but just pick the best one. But the best one for purposes of the 922G statute is the one that is consistent with and not contrary to the text, the purpose, the structure of the statute. That's what Karen instructs. And I get the text doesn't play because it just says look to the state. The purpose I get, you say, we want to criminalize lots of guns, so that's the purpose. I wouldn't put it that way. What's the structure? Oh, no, I'm exaggerating a little bit. The statute's purpose and structure are designed to attach the federal firearms ban based on a state's judgment that a certain class of persons suffer any firearm disability by virtue of a conviction. And that judgment attaches to a guilty plea. A guilty plea under North Carolina law disables you from carrying a concealed weapon. And a guilty plea under North Carolina law is North Carolina courts define as a conviction. So that is the proper choice consistently with the text, purpose, and structure of the statute. And the concealed weapon point, that's Friend. The concealed weapon point is Friend. That's the Friend case you're citing for that. Yes, Your Honor. And you agree that's a civil proceeding in which the rule of lenity would not apply. So we didn't talk about that with your colleague, but one reason that we might say Friend isn't very helpful is that it's a civil case about a concealed carry permit, therefore the rule of lenity wouldn't apply in trying to determine the appropriate definition. I suppose that's true, Your Honor, but the court has in several criminal contexts, including for purposes of the Fair Sentencing Act, Structured Sentencing Act, and habitual offender law, has said that a guilty plea is a conviction and the rules of evidence at a criminal trial. So I think the answer is going to be the same, that a guilty plea is. . . So go to the Supreme Court's case. I'm sorry. So the Supreme Court's decision that you're referring to there in the criminal evidence context, right, so whether the defendant could be cross-examined on this prior guilty plea, the Supreme Court there says that that's equivalent to a conviction. It doesn't actually say it is a conviction, right? The court uses that language, but it applies that rule whenever the actual statute or provision requires a conviction. The rule of evidence says you can be impeached by a conviction, not a conviction where it's equivalent. So I think when they say equivalent is an ambiguous term. It could mean something of equal value that's different, or it could mean the same. And I think when they say equivalent to a conviction, they mean the same because that's how they've applied it in case after case. There's not a. . . Every time it's come to the sheriff's certification, well, it's not a guilty plea, but the friend, the impeachment rule, the lower courts talking about the sentencing statutes, a guilty plea is a conviction. And the Branner decision from 1908 goes through that in detail. Guilty plea, and it starts with equivalent to a conviction, and it says it's a conviction, same as if you have been found guilty by a court or a jury. I want to emphasize, though, that I really don't think the choice makes a big difference in this particular case because a conditional discharge requires a guilty plea and then a sentence. And as this court held in a slightly different context, but was interpreting North Carolina law in Gonzales v. Sessions, absent a final judgment in their North Carolina law, there can be no sentence. Mr. Smith was subject to a host of conditions, warrantless searches, fines, things that are punitive in nature that simply can't be imposed unless you have a sentence. And the North Carolina statute says, unequivocally, a judgment is imposed when the court imposes a sentence. So you have a final judgment for purposes of the state felon in possession law. In Mr. Smith's context, even if that's the proper definition or the guilty plea alone is the proper definition. Another piece of evidence, I think we were talking about it earlier, the prayer for judgment continued. The North Carolina courts have repeatedly said a prayer for judgment continued is you don't impose any conditions other than you have to follow the law you're already subject to. But once the court imposes any conditions, the prayer for judgment continued loses its character as a prayer for judgment continued and becomes a final judgment. And this court summarized that. That's what this court was summarizing when it said you can't have a sentence without a final judgment. So because you have a final judgment and a guilty plea, you have a conviction for purposes of the state felon in possession statute. And because you have the guilty plea, you have a conviction for purposes of every other definition that either of us, I think, have been able to find. So for that reason, the district court correctly held that Mr. Smith had been convicted at the time he possessed his firearms under state law and, therefore, under 922G. And unless the court has further questions, I'll yield the balance of my time back to the court and ask that it affirm the district court's judgment. Thank you. Ms. Hester, do you have something for us? So the government's entire argument that a definition other than the one in the North Carolina felon in possession statute should apply is that there's this overarching federal policy laid over Section 921A.20 based on the Caron decision from the Supreme Court. But Caron, by its own terms, only applies to the unless clause that's at the end of that A20 definition, not to the specification that a conviction is governed by state law. So really the government's entire argument is based on a house of sand because Caron has nothing to do with any of the portions of A20 that we're discussing here. Additionally, the government makes the argument that a conditional discharge is a final judgment because there is a sentence. But if that were the case, there would have been no reason for the North Carolina General Assembly to enact that statute at all because that result already existed with the prayer for judgment continued with conditions. That interpretation would make this completely indistinguishable from that previously existing proceeding. But also, again, the government forgets that the general definition statute that says that a sentence is a final and appealable judgment, the statute itself contains a disclaimer saying unless another provision clearly requires otherwise. And that's the same result that would be obtained by ordinary canons of statutory construction. The specific governs the general. The conditional discharge is specific. It is not a final judgment, and that is the definition that controls. Thank you very much. Thank you. We will ask our clerk to adjourn court, and then we'll come down and greet the lawyers. This honorable court stands adjourned until tomorrow morning. God save the United States and this honorable court.
judges: Diana Gribbon Motz, James A. Wynn Jr., Julius N. Richardson